**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORDERO CANDIDO,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:06-1112** |
| v. | : | **(MUNLEY, D.J.)** |
| | | **(MANNION, M.J.)** |
| **KAREN F. HOGSTEN, J. MARR,** | : | |
| **D. BETZER, C. PARKER,** | | |
| **F. CIOFFI & R. GARRISON,** | : | |
| | : | |
| **Defendants** | | |

## REPORT AND RECOMMENDATION

Before the court is defendants Marr, Parker, and Cioffi's motion to dismiss and motion for summary judgment and defendants Hogsten, Betzer, and Garrison's motion for summary judgment. (Doc. Nos. 47, 54 & 68.) For the following reasons, the court recommends that the motions for summary judgment be granted and summary judgment be entered in favor of the defendants and against the plaintiff.

## I.  Procedural History

The plaintiff, formerly an inmate at the Federal Correctional Institution at Allenwood, Pennsylvania ("FCI-Allenwood"), on June 6, 2006, commenced the instant action by filing a complaint pursuant to Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the warden, lieutenant, and four correctional officers of FCI Allenwood. (Doc. No. 1.) He alleges that the defendants harassed him, threatened him, and beat

him. He contends that defendants never responded to his complaint and that there is no available administrative remedy.

Prior to discovery, defendants Marr, Parker and Cioffi moved to dismiss the complaint on April 10, 2007, and submitted a brief in support of the motion. (Doc. Nos. 47 & 48.) After discovery, defendants Marr, Parker and Cioffi moved for summary judgment on May 30, 2007, and submitted a brief in support of the motion and a statement of facts. (Doc. Nos. 68, 69 & 70.) After discovery, defendants Hogsten, Betzer, and Garrison moved for summary judgment on May 3, 2007, and submitted a brief in support of the motion and a statement of facts. (Doc. Nos. 54, 55 & 56.) Defendants Hogsten, Betzer, and Garrison and defendants Marr, Parker, and Cioffi contend that the plaintiff failed to exhaust the administrative remedies process as required by law before bringing suit. The court granted plaintiff's April 30, 2006, motion for a sixty-day extension of time to file a brief in opposition to defendants' motions to dismiss on May 4, 2007, but plaintiff failed to file a brief in opposition within that time. (Doc. Nos. 50 & 57.) Plaintiff moved for an extension of time to file a brief in opposition to the defendants' motion for summary judgment on May 21, 2007. (Doc. No. 63.) To date, plaintiff has not filed a brief in opposition to the motions for summary judgment, nor has he submitted any opposing statements of fact.

The matter having been briefed, it is ripe for disposition. The court has jurisdiction under 28 U.S.C. § 1331.

2

## II.     Standard of Review

The defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).  Summary judgment is appropriate when the pleadings and any supporting materials show that there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); see Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990).  Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  Furthermore, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Id. at 324; Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990); Pastore v. Bell Tel. Co. of Pennsylvania, 24 F.3d 508, 511 (3d Cir. 1994) (quoting Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992)).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue of any material fact, but the nonmoving party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in the pleadings.  Celotex Corp., 477 U.S. at 323, 325; Anderson v. Liberty

3

Lobby, Inc., 477 U.S. 248-52 (1986); Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). The nonmovant "'must do more than simply show that there is some metaphysical doubt as to the material facts.'" Scott v. Harris, – U.S. –, 127 S.Ct. 1769, 1776 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986)).

To determine whether the nonmoving party has met its burden, the court must focus on both the genuineness and the materiality of the factual issues raised by the nonmovant. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 242, 247-48 (emphasis in original). A dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. Id. at 250. A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. Id. at 248. If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Scott, 127 S.Ct. at 1776 (quoting Matsushita, 475 U.S. at 587) (internal quotation omitted). All inferences, however, "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Pastore, 24 F.3d at 512 (quoting Big Apple BMW, Inc. v. BMW of N. America, Inc., 974 F.2d 1358, 1363 (3d Cir.

1992). But "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott, 127 S.Ct. at 1776.

### III.   Factual Background

With the standard for summary judgment in mind, the court has compiled from the parties' submissions the following pertinent factual background to the case. Because the issue before the court is narrow, the recital of facts is limited solely to those facts relevant to determining whether the plaintiff exhausted available remedies.

The plaintiff was sentenced to seventy-seven months of imprisonment on April 23, 2003. (Doc. No. 54, ex. 1, decl. of Adam J. Ackley, Federal Bureau of Prisons ("FBOP") attorney advisor, at ¶ 4.)  While in the custody of the FBOP plaintiff filed fifty-five administrative remedies. None of the remedies filed by the plaintiff address the issues presented in the complaint.  (Doc. No. 54, ex. 1 at ¶ 5.)

The defendants have identified two requests for an administrative remedy relevant to the plaintiff's complaint. On May 4, 2006, the plaintiff filed administrative remedy 412678-R1 challenging the April 20, 2006 decision of the Disciplinary Hearing Officer ("DHO") that plaintiff had committed a code 307 violation, Refusing to Obey an Order. According to the findings of the

5

DHO, on April 9, 2006, plaintiff failed to comply with the reporting officers' direct order to remove toilet paper from his cell window and their direct order to come to the door and submit to hand restraints. (Doc. No. 54, attachment D.) Plaintiff alleged in administrative remedy 412678-R1 that he was never given a direct order and that prison staff came into his cell and assaulted him. (Doc. No. 54, ex. 1 at ¶ 6.)  On June 1, 2006 administrative remedy 412678-R1 was denied at the regional level,  and the Northeast Regional Office noted that plaintiff had told the investigating lieutenant that the incident report was true and that he was afforded all of his rights as shown by some evidence supporting the decision of the DHO. (Doc. No. 54 ex. 1 at ¶ 7.) On June 13, 2006 plaintiff filed administrative remedy 412678-A1, appealing administrative remedy 412678-R1. Plaintiff alleged that the April 20, 2006 decision of the DHO should be invalidated because he was not provided a Spanish interpreter and that there was insufficient evidence upon which the decision was based upon. (Doc. No. 54 ex. 1at ¶ 8.) After reviewing the record, administrative remedy 412678-A1 was denied on August 10, 2006. (Doc. No. 54 ex. 1at ¶ 9.)

**IV.    Discussion**

The Prison Litigation Reform Act of 1995 ("PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison,

or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 127 S.Ct. 910, 918-19 (U.S., 2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). Exhaustion is an affirmative defense and is determined separately for each claim. Id. at 919, 925-26.

"[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S.–, 126 S.Ct. 2378, 2387 (2006). Proper exhaustion requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. at 2384; see id. at 2386 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). The "applicable procedural rules" against which exhaustion is measured are the grievance rules established by the prison. Jones, 127 S.Ct. at 922-23; see Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004). ("[P]rison grievance procedures supply the yardstick for measuring procedural default."). A prisoner must exhaust his claims before seeking relief in Federal court. Nyhuis v. Reno, 204 F.3d 65, 78 n.12 (3d Cir. 2000) .

The FBOP has a four-step process for addressing a prisoner's grievance. See 28 C.F.R. § 542.10 et seq. First, the prisoner generally must

7

attempt to informally resolve the problem with the prison's staff. Id.§ 542.13(a). Second, if the informal attempt fails, the prisoner may file a formal request for administrative remedy with the appropriate prison staff member, generally within twenty days of the event giving rise to the grievance. Id. § 542.14. Third, if the warden denies the request, the prisoner may appeal to the regional director, generally within twenty days of the warden's decision. Id. §542.15(a). Finally, if the regional director denies the intermediate appeal, the prisoner may finally appeal to the general counsel of the central office, generally within thirty days of the regional director's decision. Id. At each level, the prisoner must submit the signed and dated request on the appropriate form and include a copy of the filings and responses below. Id. §§542.14(c), 542.15(b)(1).

Here, the defendants have presented ample evidence that the plaintiff has failed to properly exhaust his administrative remedies on his claim. The plaintiff has presented no credible evidence sufficient to rebut the defendants' evidence. In support of his allegations that the defendants violated his rights by assaulting him, the plaintiff submitted appeals to disciplinary hearings in which he raised such a claim. He filed fifty-five administrative remedies, yet none of these remedies raise the claim in the instant action. Accordingly, the court finds that the plaintiff failed to properly exhaust his requests for administrative remedies by pursuing them to final appeal.

Even if it were not clear that the plaintiff failed to exhaust administrative remedies, the court cannot credit the plaintiff's unsubstantiated claims. There

is absolutely no evidence in the record that the defendants deprived him of his rights by assaulting him, denying him medical treatment or verbally abusing him.

In light of the foregoing recommendation, defendants Marr, Parker and Cioffi's motion to dismiss and plaintiff's motion to compel discovery are moot.


**V.    Conclusion**

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1) defendants Hogsten, Betzer, and Garrison's motion for summary judgment (Doc. No. 54) be **GRANTED** because the plaintiff failed to exhaust remedies and summary judgment be entered in favor of the defendants and against the plaintiff;

(2) defendants Marr, Parker, and Cioffi's motion for summary judgment (Doc. No. 68) be **GRANTED** because the plaintiff failed to exhaust remedies and summary judgment be entered in favor of the defendants and against the plaintiff;

(3) defendants Marr, Parker and Cioffi's motion to dismiss the complaint (Doc. No. 47) be **DISMISSED** as moot; and,

(4) plaintiff's motions to compel discovery (Doc. Nos. 59, 71, 72, & 73) be **DISMISSED** as moot.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: August 20, 2007
O:\shared\REPORTS\2006 Reports\06-1112.01.wpd