IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORDERO CANDIDO** | : | No. 3:06cv1112 |
| | : | |
| v. | : | (Judge Munley) |
| | : | |
| **KAREN F. HOGSTEN, J. MARR, D.** | : | |
| **BETZER, C. PARKER, F. CIOFFI, and** | : | |
| **R. GARRISON,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court are plaintiff's objections (Doc. 81) to the report and recommendation (Doc. 80) of Magistrate Judge Malachy E. Mannion, which proposes that we grant the defendants' motions for summary judgment and dismiss all other outstanding motions in the case as moot. Plaintiff objects to the report and recommendation. The matter has been briefed, and is ripe for disposition.

**Background**

Plaintiff filed the instant complaint on June 6, 2006, while he was incarcerated at the Federal Correctional Institution in Allenwood, Pennsylvania. (See Doc. 1). The complaint stems from an altercation that occurred at the prison on April 9, 2006. Plaintiff alleges that on that day he and Defendant Parker, a correctional officer, had a verbal dispute in plaintiff's cell. (Complaint (hereinafter "Complt." Doc. 1) at 4). The correctional officer insulted plaintiff when he appeared to disobey an order, ridiculing plaintiff about his ethnic origin and sexuality. (Id.). Minutes later, Parker

reappeared, accompanied by Defendants Marr, Betzer, Cioffi and Garrison, who were also corrections officers.[1] (Id.). Plaintiff alleges that the officers entered his cell and beat him up, picking him up and dropping him on the floor. (Id.). He hit his head on the wall, as well as injuring his face. (Id.). Plaintiff sustained cuts to his left and right elbows. (Id.). He also suffered from a head contusion and decreased vision in his right eye. (Id.). The alleged beating also caused plaintiff to suffer from blood in his urine. (Id.). After their attack, Defendant Marr asked plaintiff if he needed to see a doctor. (Id.). Plaintiff responded affirmatively. (Id.). The physician's assistant who saw plaintiff refused his request to take pictures of his injuries. (Id.). The physician's assistant instead took plaintiff's information and left without providing any medication. (Id.). While plaintiff received ibuprofen from another physician's assistant later in the day, officers refused his requests to be taken to the hospital or receive more extensive treatment and examination. (Id. at 5).

Plaintiff contends that as a result of this incident he suffers from anxiety. (Id.). He fears that the officers will beat him again, and has nightmares about that possibility. (Id.). Post-traumatic stress disorder has made plaintiff easy to startle and fearful of threats and retaliation from his assailants. (Id.). Because of this situation, plaintiff has sought transfer to another facility. (Id.). Officials in the prison system have refused this request. (Id.).

---

[1] Defendant Hogsten was the prison's warden.

2

Plaintiff's complaint contends that he pursued his administrative remedies in the case, but prison official's failure to respond made that avenue of relief fruitless. (Id. at 6).

Prior to discovery, Defendants Marr, Parker and Cioffi filed a motion to dismiss the complaint. (Doc. 47). When discovery closed, they submitted another motion on May 30, 2007, this time for summary judgment. (Doc. 68). On May 3, 2007, Defendants Hogsten, Betzer and Garrison submitted their own motion for summary judgment. (Doc. 54). Both of these motions contended that plaintiff had not exhausted his administrative remedies and therefore could not bring suit. On April 30, plaintiff filed a motion for a sixty-day extension of time to respond to defendants' motions. (Doc. 50). Magistrate Judge Mannion granted this motion. (Doc. 57). On May 21, 2007, plaintiff filed another motion for an extension of time to respond to defendants' motions. (Doc. 63). The court took no action on this motion. Still, plaintiff never filed a brief in opposition to the motions for summary judgment, nor did he file any opposing statement of facts. During the pendency of the action, plaintiff filed four motions to compel discovery (Docs. 59, 71-73).

On August 20, 2007, the magistrate judge filed his report and recommendation. The magistrate judge, after examining the evidence contained in the defendants' filings, concluded that plaintiff had not exhausted his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Though plaintiff had submitted numerous appeals after filing administrative

3

complaints, none of those appeals raised any claim alleged in the present action. Since this requirement is mandatory under the Act, Magistrate Judge Mannion found that the defendants were entitled to summary judgment. Magistrate Judge Mannion also concluded that no evidence existed in the record to support the plaintiff's underlying claims, justifying summary judgment on those grounds as well. Because he recommended dismissing the underlying action, Magistrate Judge Mannion also suggested that we dismiss plaintiffs' other outstanding motions as well.

On August 27, 2007, plaintiff filed objections to the report and recommendation. (Doc. 81). He contended that he had been unable to develop evidence in the case because the prison had not responded to his discovery requests and the magistrate judge had ignored his motions to compel. Plaintiff also contended that he had submitted affidavits and other evidence which could support his claim with the complaint, but that the magistrate judge had not addressed that evidence in his report.

On September 17, 2007, plaintiff filed a notice of appeal. (Doc. 82). He apparently intended to appeal the decision of the magistrate judge. On February 6, 2008, the Court of Appeals for the Third Circuit issued an order dismissing plaintiff's appeal for want of jurisdiction. (Doc. 90). Since plaintiff had attempted to appeal the report and recommendation of the magistrate judge, which is not a final decision of this court within the meaning of 28 U.S.C. § 1291, the Court of Appeals did not have authority to hear the case. The court therefore remanded the case to this court to

render a decision on the magistrate judge's report and recommendation. That decision brought the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983, we have jurisdiction pursuant to 42 U.S.C. 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

When dealing with objections to a Magistrate Judge's report and recommendation, a district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c). See also, Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(c). The court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Plaintiff objects to the report and recommendation on the grounds that the magistrate judge recommended dismissal of the complaint before he was able to gather substantive evidence to support the claims he made in his underlying complaint. Plaintiff points out that he is in a segregated housing unit and therefore cannot obtain any evidence to support his claims. (Objections (Doc. 81) at 1). In addition, the magistrate judge never responded to plaintiff's motion to compel

discovery, making discovery of relevant evidence impossible, and did not consider the evidence plaintiff attached to his complaint. (Id. at 2).

The magistrate judge recommended granting summary judgment to the defendants because plaintiff had not exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). That provision establishes that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has concluded that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 127 S.Ct. 910, 918-919 (2007). Still, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 922. In prison litigation, a plaintiff is required to engage in "proper exhaustion" before bringing a claim. Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2385 (2006). "Proper exhaustion" means "that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. Since "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'" "it is the prison's requirements, and not the PLRA, that define the

boundaries of proper exhaustion." Jones, 127 S.Ct. at 922-23 (quoting Woodward, 126 S.Ct. at 2387). We thus determine whether plaintiff exhausted administrative remedies before bringing his complaint by examining the grievance procedures at the institution where he is incarcerated.

At the time of the incident in question, plaintiff was incarcerated in the Federal Correctional Institution in Allenwood, Pennsylvania. That prison is administered by the Federal Bureau of Prisons. Grievance procedures are laid out in the Code of Federal Regulations. Under the system therein established, a prisoner with "an issue of concern" must first make an attempt to address the matter "informally to staff" of the prison, which is required to "attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13. If this informal procedure fails to eliminate the problem, the prisoner must then make an initial filing at the institution, except in those "sensitive issues" where fears about reporting the matter internally lead the inmate to contact the Regional Director in the BOP instead. 28 C.F.R. § 542.14. If the prisoner is dissatisfied with the warden's response to his complaint, he may within twenty days of that response submit an appeal to the Regional Director. 28 C.F.R. § 542.15(a). If still not satisfied after the Regional Director's review, the prisoner may within thirty days appeal to the Bureau's General Counsel. Id. Review by the General Counsel constitutes "final administrative appeal." Id. A prisoner is precluded from raising issues on appeal that he did not raise at lower levels, and may not combine appeals

of separate lower level grievances in one appeal.  28 C.F.R. § 542.15(b)(2).

Defendants have submitted evidence that indicates that plaintiff did not exhaust his administrative remedies.  Plaintiff filed numerous appeals with the Bureau of Prisons based on prison conditions and improper behavior by guards and other prison personnel.  None of these appeals addressed the alleged beating the plaintiff faced, but instead complain about other, earlier incidents of conflict between plaintiff and guards and of the unwillingness of the Bureau of Prisons to provide Spanish translators when requested by plaintiff.  Because he did not attempt to direct the complaint which is the subject of this lawsuit through the appropriate administrative procedures, plaintiff has not exhausted his administrative remedies.

Plaintiff provides evidence which he contends demonstrates that he exhausted his administrative remedies.  This evidence includes notice from an administrative remedy coordinator for the Federal Bureau of Prisons informing plaintiff that his appeal had been denied. (Complt. Exh. A).  This document is dated February 21, 2006, before the incident in question occurred.  (Id.). Four of the exhibits are affidavits from fellow prisoners from plaintiff's housing unit which purport to describe the incident in question.  (Complt. Exhs. B-D, H).  Two of the documents are letters from plaintiff to Defendant Hogsten, the prison's warden and D. Scott Dodrill, the regional director for the Federal Bureau of Prisons.  (Complt. Exhs. E-F).  These documents in part describe the incident; the one to Warden Hogsten is captioned "formal complaint" and the one to Director Dodrill is captioned "formal request."  (Id.).

8

Two other documents are sick call records from the prison, one dated May 12, 2006 and the other dated May 25, 2006. (Complt. Exhs. G-H).

This evidence does not undermine the grounds advanced by the magistrate judge for granting summary judgment to the defendants. Much of the evidence advanced by the plaintiff relates to the incident that gave rise to the complaint. Since plaintiff must exhaust his administrative remedies before he can bring suit, we cannot address the merits of his claim until he crosses that threshold. Affidavits that support plaintiff's complaint are thus immaterial to the issue at hand. Plaintiff does supply three documents related to his duty to exhaust his administrative remedies. None of those documents, however, demonstrate that plaintiff went beyond the preliminary stage of notifying prison officials that he had a grievance. One document demonstrates that plaintiff had exhausted administrative remedies, but that document was issued plaintiff in February 2006, long before the incident in question occurred. Plaintiff thus has offered no material that rebuts defendants' evidence which indicates he did not exhaust his administrative remedies. Accordingly, we agree with the magistrate judge that plaintiff did not exhaust his administrative remedies before filing suit and is precluded by the Prison Litigation Reform Act from pursuing his claim. We will overrule the plaintiff's objections.

**Other Matters**

Plaintiff filed numerous motions to compel discovery in the case. Since we find that plaintiff cannot bring the action because he has not exhausted his

administrative remedies, we will deny all of those motions, as well as any other outstanding motions in the case, as moot.

**Conclusion**

We will dismiss plaintiff's objections and adopt the magistrate judge's report and recommendation. We will grant all of the defendants' motions for summary judgment and dismiss all other outstanding motions in the case as moot. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORDERO CANDIDO** | : | No. 3:06cv1112 |
| | : | |
| v. | : | (Judge Munley) |
| | : | |
| **KAREN F. HOGSTEN, J. MARR, D.** | : | |
| **BETZER, C. PARKER, F. CIOFFI, and** | : | |
| **R. GARRISON,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW**, to wit, this 29th day of February 2008, the plaintiff's objections (Doc. 81) to the report and recommendation of Magistrate Judge Malachy E. Mannion are hereby **OVERRULED**. The defendants' motions for summary judgment (Docs. 54, 68) are hereby **GRANTED**. In addition, plaintiff's motions to compel discovery (Docs. 59, 71, 72, 73) are hereby **DENIED** as moot. The Clerk of Court is directed to **CLOSE** the case.

                                                **BY THE COURT:**

                                                **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**